UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Robert E. Zorn,                          :
          Plaintiff,                     :
                                         :
     v.                                  :      File No. 1:04-CV-146
                                         :
United States of America; Judge          :
Jerome Niedermeier; Town of              :
Middletown Springs; State of             :
Vermont; Judge Patricia                  :
Zimmerman; Judge William Cohen;          :
Judge Richard Norton; James              :
Dumont; Rutland County                   :
Sheriff's Department; James              :
Mongeon; Hall, Schwiebert,               :
Facey, Biederman, Anderson and           :
Bertrand; Karl Anderson;                 :
Birger Heffermehl; Heverlee              :
Nancy Grayson; Heberle Mollo;            :
The Rutland Herald; Alan Keays;          :
Joel Davidson; Vermont State             :
Police; State of Vermont,                :
          Defendants.                    :


OPINION AND ORDER
(Papers 97, 105, 107, 111, 112, 115, 116, 117, 118, 120
125, 128, 129, 130, 131, 133, 134, 135, 142, 143, 144,
145, 148, 151, 153, 154, 157, 159, 161 and 164)

     The facts underlying this case initially involved a

dispute between plaintiff Robert Zorn and his neighbors

in Middletown Springs, Vermont.  Zorn's litigation has

now grown to include state and federal judges, law

enforcement officials, prosecutors, the press, and

others.  The Court has dismissed several of the defendant

based upon, *inter alia*, judicial immunity and lack of subject matter jurisdiction.  Currently, the only remaining defendants are the State of Vermont and James Dumont, Esq.  These parties have now filed motions to dismiss.  (Papers 133 and 134, respectively).  For the reasons set forth below, the motions to dismiss are GRANTED, and all remaining motions are DENIED.

## Factual Background

The facts of this case have been fully set forth in the Court's prior Orders (see, e.g., Paper 88), and are therefore only summarized here.  Zorn is suing three of his neighbors, defendants Heffermehl, Grayson and Mollo, for actions allegedly taken with respect to property in Middletown Springs.  Zorn first commenced litigation in state court.  He subsequently came to this Court with an action against the state court judge, as well as the court itself, hearing the case.  See Zorn v. Zimmerman, File No. 2:02-CV-193 (hereafter "Zimmerman suit").

In the course of the Zimmerman suit, Zorn sought to amend his federal complaint to add various attorneys, public entities and officials for their actions and/or inactions in relation to the conduct of his neighbors.

2

One of those parties was James Dumont, Esq., whose motion to dismiss is currently before the Court.  Magistrate Judge Niedermeier dismissed the <u>Zimmerman</u> suit, and barred the proposed amendments to the complaint as futile.  Zorn appealed, and the Second Circuit affirmed Judge Niedermeier's decision.

Zorn has now returned to this Court, again naming his neighbors, as well as state court Judge Zimmerman and her court, as defendants.  Zorn has also named as defendants several of the attorneys, public agencies and officials he sought to add by amendment to the <u>Zimmerman</u> suit.  These defendants include Dumont and the State of Vermont.

At the outset of this case, several of the defendants moved for dismissal of Zorn's claims against them.  The Court granted each motion, citing applicable immunities, lack of factual support for conspiracy claims, and the fact that many of Zorn's claims are based upon state, rather than federal law.  (Paper 88).  The Court has also dismissed some parties *sua sponte* for lack of subject matter jurisdiction.  (Paper 121).

Despite the Court's dismissal of most of the

defendants in this case, several motions remain pending.
Many of these motions have been filed by the plaintiff,
and largely restate positions that the Court has rejected
in prior Orders.  Also, some defendants have moved the
Court to enter final judgments for them individually.
(Papers 97, 107, 112, 115, 116, 117, and 145).  Because
the Court is now dismissing the final two defendants in
the case, final judgment may enter for all parties and
the defendants' motions are moot.  All other motions are
addressed below.

<u>Discussion</u>

I.  <u>Motion to Dismiss Standard</u>

   *Pro se* complaints are to be construed more liberally
than complaints drafted by trained attorneys.  <u>See</u> <u>Haines</u>
<u>v. Kerner</u>, 404 U.S. 519, 520 (1972).  A *pro se* complaint
should not be dismissed for inartful pleading unless it
appears beyond doubt that the plaintiff can prove no set
of facts in support of his claim which would entitle him
to relief.  <u>See</u> <u>id.</u> at 521 (quoting <u>Conley v. Gibson</u>, 355
U.S. 41, 45-46 (1957)).  Furthermore, when a court
considers whether to dismiss an action for failure to
state a claim upon which relief may be granted, a

4

complaint must be read with generosity, accepting as true the factual allegations and drawing all inferences in favor of the plaintiff.  See <u>Bolt Electric, Inc. v. City of New York</u>, 53 F.3d 465, 469 (2d Cir. 1995).  The complaint must not be dismissed "unless it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Equal Employment Opportunity Comm'n v. Staten Island Sav. Bank</u>, 207 F.3d 144, 148 (2d Cir. 2000) (quoting <u>Conley</u>, 355 U.S. at 45-46).

II.  <u>State of Vermont's Motion to Dismiss</u>

The State of Vermont has moved for dismissal on grounds of sovereign immunity and insufficient service of process.  The Eleventh Amendment to the United States Constitution bars suits by private citizens against a state or its agencies in federal court unless the state has waived its sovereign immunity or Congress has overridden the immunity.  See <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 98-99 (1984).  A state can only waive its sovereign immunity by unequivocal expressions or actions.  See <u>id.</u> at 99.  Similarly, Congress can waive state sovereign immunity only where it

5

has unequivocally expressed its intent to abrogate the immunity, and where it acted pursuant to a valid exercise of power.  See <u>Seminole Tribe v. Florida</u>, 517 U.S. 44, 55 (1996).

Relevant to this case, it is clear that neither Vermont nor Congress has waived Vermont's sovereign immunity.  Specifically, and to the extent that Zorn's claims are brought pursuant to 42 U.S.C. § 1983, Congress did not exhibit any intent to abrogate state sovereign immunity under § 1983.  To the contrary, the Supreme Court has stated that in enacting § 1983, Congress did not intend to override well-established immunities or defenses under the common law.  See <u>Will v. Michigan Dept. of State Police</u>, 491 U.S. 58, 67 (1989). Accordingly, the State of Vermont is immune from Zorn's claims in federal court, the State's motion to dismiss (Paper 133) is GRANTED, and the claims against the State of Vermont are DISMISSED without prejudice.[1]

---

[1]  Because Zorn's claims against the State of Vermont are clearly barred by sovereign immunity, the Court does not reach the service of process issue.

II.   <u>James Dumont's Motion to Dismiss</u>

According to the complaint, defendant Dumont represented Zorn during a portion of the state court proceedings involving Zorn and his neighbors.  (Paper 1 at 16, 19, 21).  Zorn now claims that, in the course of those proceedings, Dumont failed to charge his neighbors with reckless endangerment.  <u>Id.</u> at 16.  Specifically, Zorn claims that Dumont was aware that Zorn's mother had a heart condition, and that the neighbors had caused his mother "emotional and physical pain."  <u>Id.</u>  Zorn also claims that Dumont's failure to bring this charge "makes Dumont a co-conspirator" with the neighbors.  <u>Id.</u> at 19.

Read liberally, Zorn's allegation is that Dumont failed to identify and file a civil cause of action against Zorn's neighbors for the harm they allegedly caused his mother.  This allegation is one of attorney malpractice, and is solely a state law claim.  Zorn also accuses Dumont of conspiracy, but fails to provide facts to support his conclusion that Dumont and the neighbors acted together in any way.  "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot

7

withstand a motion to dismiss." <u>Sommer v. Dixon</u>, 709
F.2d 173, 175 (2d Cir. 1983); <u>see also</u> <u>Leon v. Murphy</u>,
988 F.2d 303, 311 (2d Cir. 1993).  Furthermore, although
many of Zorn's claims are brought pursuant to his federal
civil rights, Zorn has not claimed that Dumont conspired
with state actors.  <u>See</u> <u>United States v. Intn'l</u>
<u>Brotherhood of Teamsters</u>, 941 F.2d 1292, 1295-96 (2d Cir.
1991) (because Constitution does not regulate private
parties, litigant must establish state action).  Since
Zorn has failed to identify any federal claims against
Dumont, and because no other federal claims are currently
pending in this case, this Court will not exercise
jurisdiction over Zorn's state law allegations.  <u>See</u>
<u>Castellano v. Bd. of Trustees</u>, 937 F.2d 752, 758 (2d Cir.
1991).  Dumont's motion to dismiss (Paper 134) is,
therefore, GRANTED, and the claims against him are
DISMISSED without prejudice.

III.  <u>Motion for Recusal</u>

     Among his most recent motions is Zorn's motion for
judicial recusal.  (Paper 148).  In his motion, Zorn
first claims that because the United States is a party,
Judge Sessions has a monetary conflict of interest.  <u>Id.</u>

at 1.  The link here is, presumably, that the federal
government pays judicial salaries.  If this were grounds
for recusal, federal judges could never hear cases,
including criminal cases, in which the United States is a
party.  Therefore, recusal is not required on this
ground.

Zorn next alleges that the Court acted wrongfully
when it denied his attempts to default defendants Mollo
and Heffermehl, and dismissed those parties for lack of
subject matter jurisdiction.  Id. at 2, 6 & 7.  While
Zorn may certainly disagree with the Court's legal
conclusion, that disagreement will not bar the Court from
continuing to rule on his case.  See generally 28 U.S.C.
§ 455 (listing grounds for recusal); In re Aguinda, 241
F.3d 194, 200 (2d Cir. 2001).  Finally, Judge Sessions
has transferred this case (Paper 166), thereby rendering
the recusal motion moot.  Zorn's motion for recusal is,
therefore, DENIED.

IV.  Motions to Alter or Amend

Zorn has also filed two motions asking the Court to
"alter or amend" its decision with respect to the alleged
defaults of defendants Mollo and Heffermehl. (Papers 128

9

and 129).  As the Court has explained previously, a
motion to alter or amend pursuant to Fed. R. Civ. P. 59
may not be filed prior to the entry of final judgment.
See U.S. Titan, Inc. v. Guangzhou Zhen Hua Shipping Co.,
Ltd., 183 F.R.D. 97, 100-01 (S.D.N.Y. 1998).  Therefore,
the Court construes Zorn's filings as motions for
reconsideration.

Motions for reconsideration allow the district court
to correct its own mistakes.  See, e.g., Bell Sports,
Inc. v. System Software Assocs., Inc., 71 F. Supp. 2d
121, 125-126 (E.D.N.Y. 1999) (granting plaintiff's motion
for reconsideration after a closer examination of the
evidence).  "The standard for granting [a motion to
reconsider] is strict, and reconsideration will generally
be denied unless the moving party can point to
controlling decisions or data that the court overlooked
-- matters, in other words, that might reasonably be
expected to alter the conclusion reached by the court."
Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.
1995).  "[A] motion to reconsider should not be granted
where the moving party seeks solely to relitigate an
issue already decided."  Id.  Nor may a motion for

10

reconsideration present "new facts, issues or arguments not previously presented to the court."  See Davidson v. Scully, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).  The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court.  See In re Solv-Ex Corp. Sec. Litig., 198 F. Supp. 2d 587, 589 (S.D.N.Y. 2002).

Here, Zorn first claims that defendants Heffermehl and Mollo were at all times residents of Middletown Springs, and that service upon Mollo was proper.  (Paper 128 at 1-2).  These arguments are, in part, a response to Mollo's claims that she was forced to move out of the Middletown Springs home, and that she was never properly served.[2]  Zorn has raised these arguments previously. (Paper 106).  While the Court is not inclined to revisit issues that have already been litigated, it has ruled previously that it lacks subject matter jurisdiction over the claims against both Heffermehl and Mollo.  (Paper 121).  Therefore, it will not reconsider its judgment with respect to those parties.

---

[2]  The return of service for Mollo indicates that the summons was left with a person who claimed to be a friend of the family.  (Paper 18).

11

Zorn next alleges, without specific citation to any of the Court's prior Orders, that the Court erred in concluding that Mollo and Heffermehl were out of state parties. (Paper 129). Even assuming, *arguendo*, that the Court made such a finding, it is not clear how this finding would have been material to the Court's ultimate judgment with respect to those parties. The Court has determined that the claims against Mollo and Heffermehl are state law claims, and as such should be brought in state court. Indeed, the claims against Mollo and Heffermehl were dismissed without prejudice so that they might be raised again in a different court. (Paper 121 at 7). Accordingly, Zorn's dispute with respect to the state residencies of these parties will not cause the Court to reconsider, alter or amend its prior rulings. The motions to alter or amend (Papers 128 and 129) are, therefore, DENIED.

V.   Motion to Amend Complaint

Zorn's most recent filing is a motion to amend his complaint to add Judge Sessions and counsel for the State of Vermont, Harvey Golubock, as defendants. (Paper 164). With respect to Judge Sessions, the claim appears to

include a challenge to the Court's ruling on the motion
to default defendant Heffermehl, and general claims that
Judge Sessions is engaged in a conspiracy to either
destroy or suppress evidence.  As to Attorney Golubock,
Zorn alleges that Golubock and the State of Vermont
failed to produce records requested by Zorn in discovery.
The Court notes that these records were not required to
be produced, as Judge Sessions granted a stay of
discovery pending a ruling on the State of Vermont's
motion to dismiss.  (Paper 137).  Zorn also alleges that
Golubock, along with many other defendants in this case,
is generally liable for, *inter alia*, conspiracy and
failure to protect him from violations of his rights.

    Federal Rule of Civil Procedure 15(a) states that
leave to amend should be "freely given when justice so
requires."  A court may exercise discretion, however,
when deciding whether to allow amendment of a complaint,
and may deny the motion to amend where the proposed
amendment would be futile.  See Kern v. City of
Rochester, 93 F.3d 38, 45-47 (2d Cir. 1996); In re:
American Express Co. Shareholder Litigation, 39 F.3d 395,
402 (2d Cir. 1994).  For the reasons set forth below,

Zorn's motion to amend is barred as futile.

Despite Zorn's claim that Judge Sessions' actions were non-judicial, his allegations refer solely to decisions made by Judge Sessions in the course of this case.  A judge is protected by absolute judicial immunity for actions taken in his judicial capacity.  <u>See</u> <u>Stump v.</u> <u>Sparkman</u>, 435 U.S. 349, 356-57 (1978).  If the judge acted in a judicial capacity, he will be deprived of immunity only if he acted in the clear absence of all jurisdiction.  <u>See</u> <u>Tucker v. Outwater</u>, 118 F.3d 930, 933 (2d Cir.), <u>cert.</u> <u>denied</u>, 522 U.S. 997, 118 S. Ct. 562 (1997).  There is no allegation that Judge Sessions acted without jurisdiction.  Accordingly, the allegations against Judge Sessions would be barred by judicial immunity.

The allegations against Attorney Golubock are less specific.  To the extent that Zorn is claiming that Golubock is part of a conspiracy with all defendants, his claims lack factual support.  <u>See</u> <u>Sommer</u>, 709 F.2d at 175.  Zorn also appears to allege that Golubock acted wrongfully when he obtained an order staying discovery. (Paper 164 at 5).  As noted above, this motion was

14

granted, and the Court sees nothing inappropriate about Golubock's motion.

An extremely liberal reading of Zorn's proposed amendment could interpret his claims as implying that Golubock, as "an official court officer," had a duty to address the alleged wrongdoing by the various defendants. If this is indeed what Zorn is claiming, his claim is akin to a claim for failure to prosecute. Such a claim is barred by absolute prosecutorial immunity, which protects prosecutorial decision-making with respect to which cases to bring and how to pursue those cases in court. See Imbler v. Pachtman, 424 U.S. 409, 424 (1976); Barbera v. Smith, 836 F.2d 96, 100-01 (2d Cir. 1987). Consequently, neither of Zorn's proposed amendments to his complaint would survive a motion to dismiss. The motion to amend (Paper 164) is, therefore, DENIED.

VI.   Remaining Motions

Among the remaining motions pending before the Court are motions by various defendants seeking final judgment. (Papers 97, 107, 112, 115, 116, 117, and 145). As discussed above, these motions are no longer necessary. Zorn has also filed a series of motions, including

motions to compel or produce discovery (e.g. Papers 137, 142, 144 and 151), and dispositive motions for default and summary judgment (e.g. Papers 131, 159).  Each of these motions has been reviewed and considered by the Court.  Because the Court is now dismissing the final two defendants in the case, Zorn's motions for discovery are moot.  With respect to Zorn's dispositive motions, those motions merely raise arguments that have been litigated previously, and are insufficient to resurrect his claims against the various dismissed defendants.  For these reasons, all remaining motions are DENIED.[3]

---

[3]    While the Court acknowledges that Zorn has sought a stay based upon his alleged total disability (Paper 157), the Court also notes that Zorn has filed several motions since that time (Papers 158-161, 164). It therefore appears that Zorn still has the ability to proceed in the litigation, and the motion to stay is DENIED.

Zorn has also filed a motion for leave to appeal. (Paper 105).  No such motion is necessary.  See Fed. R. App. P. 4.  Therefore, the Court denies the motion, but does not intend its denial to impede Zorn's ability to appeal this case to the Second Circuit.

Finally, Zorn has filed a motion for the return of property.  (Paper 153).  Although the motion is not entirely clear, it appears that some of the property Zorn is seeking is in the possession of the Court.  Although the motion is DENIED, and the Clerk of Court need not take any affirmative action to return "property" to Zorn, Zorn should be aware of the fact that as long as the case file is in this Court, he may have full access to it for the purpose of, for example, making copies of documents he has submitted.  If the original filings are no longer

<u>Conclusion</u>

For the reasons set forth above, the motions to dismiss filed by the State of Vermont (Paper 133) and James Dumont (Paper 134) are GRANTED, and the claims against them are DISMISSED without prejudice.  All remaining motions (Papers 97, 105, 107, 111, 112, 115, 116, 117, 118, 120, 125, 128, 129, 130, 131, 135, 142, 143, 144, 145, 148, 151, 153, 154, 157, 159, 161 and 164) are DENIED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 26th day of April, 2005.

_____
                              /s/ J. Garvan Murtha
                              J. Garvan Murtha
                              United States District Judge

_____

available, Zorn may access the scanned images of those filings electronically.