```
                   UNITED STATES DISTRICT COURT
                            FOR THE
                      DISTRICT OF VERMONT

Robert E. Zorn,                       :
        Plaintiff,                    :
                                      :
    v.                                :   File No. 1:04-CV-146
                                      :
United States of America; Judge       :
Jerome Niedermeier; Town of           :
Middletown Springs; State of          :
Vermont; Judge Patricia               :
Zimmerman; Judge William Cohen;       :
Judge Richard Norton; James           :
Dumont; Rutland County                :
Sheriff's Department; James           :
Mongeon; Hall, Schwiebert,            :
Facey, Biederman, Anderson and        :
Bertrand; Karl Anderson;              :
Birger Heffermehl; Heverlee           :
Nancy Grayson; Heberle Mollo;         :
The Rutland Herald; Alan Keays;       :
Joel Davidson; Vermont State          :
Police; State of Vermont,             :
        Defendants.                   :
```

## ORDER
(Papers 202 and 207)

Pending before the Court are plaintiff Robert Zorn's motion for stay (Paper 202) and defendant Birger Heffermehl's request for relief from "continued abuse of process" (Paper 207). Both parties are proceeding *pro se*. Zorn's motion claims that he was injured by Heffermehl, and that his injuries will inhibit his ability to prosecute his case. Heffermehl's motion asserts that he and his family have been threatened by Zorn on numerous occasions, and that he wants no more "contact with or from Mr. Zorn." Heffermehl therefore requests that the Court "bar Mr. Zorn from filing any further

pleadings with this Court . . . ." (Paper 207 at 2). For the reasons set forth below, Zorn's motion for stay is DENIED and Heffermehl's request for protection is GRANTED.

I.   Motion for Stay

This case is currently on appeal at the Second Circuit. Although Zorn has continued to file motions in this Court while the appeal is pending, his motions have been denied for lack of jurisdiction. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982) (filing a notice of appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal"); Leonhard v. United States, 633 F.2d 599, 609-610 (2d Cir. 1980). Zorn now claims that on October, 24, 2005, he was severely injured by Heffermehl, and that his injuries resulted in total disability for one month. He therefore requests a stay for a one month period beginning in October, 2005.

Other than an October 27, 2005 ruling by this Court on a previously pending motion (dismissing for lack of jurisdiction as discussed above), and Zorn's filing of a certificate of service on November 8, 2005, there was no activity on this Court's docket in the 30 days after October 24, 2005. Indeed, all substantive activity in this case is taking place at the appellate level. Because the period of Zorn's alleged

2

disability has passed without event, the motion for stay (Paper 202) is DENIED as moot.

II. Request for Relief

Although a district court is generally without jurisdiction to act on motions while an appeal is pending, this is not a *per se* rule. See United States v. Rodgers, 101 F.3d 247, 251 (2d Cir. 1996). "[N]otwithstanding a pending appeal, a district court retains residual jurisdiction over collateral matters . . . ." See Tancredi v. Metropolitan Life Ins. Co., 378 F.3d 220, 225 (2d Cir. 2004). Heffermehl's request for relief from further filings constitutes such a "collateral matter." Id.

In his motion, Heffermehl asks that Zorn be barred from filing any further pleadings in this Court. The Court has already enjoined Zorn from initiating any new cases here without obtaining leave from the Court to do so. See Zorn v. Brown et al., File No. 1:05-CV-297 (Paper 50). With respect to the instant case, there does not appear to be any need for additional motions to be filed in this Court while the case is on appeal. Heffermehl's motion (Paper 207) is therefore GRANTED, and it is hereby ORDERED that no further motions may be filed in this Court while the appeal is pending. This order does not, of course, bar Zorn from filing any and all

necessary briefs, motions or other relevant materials with the Second Circuit with respect to his pending appeal.

    SO ORDERED.

    Dated at Brattleboro, in the District of Vermont, this 24th day of March, 2006.

                                           /s/ J. Garvan Murtha
                                           J. Garvan Murtha
                                           United States District Judge